# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Vladimir Figueroa Vidal,**<br>Petitioner<br>-vs-<br>**Dora B. Schriro, et al.,**<br>Respondents | CV-08-1433-PHX-NVW (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Buckeye, Arizona, filed a Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 8, 2008 (#10). On January 7, 2009, Respondents filed their Answer (#18). Petitioner filed a Reply on January 21, 2009 (#19).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

In disposing of Petitioner's direct appeal, the Arizona Court of Appeals summarized the factual background as follows:

> Sometime after 9 p.m. on June 8, 2003, Vidal was arguing with another man in the parking lot of an apartment complex, when the victim intervened. Vidal told the victim to stay out of the argument and chased the victim through the parking lot. Vidal slashed the victim's face with a knife, causing a five inch cut from the victim's mouth to his left ear, and stabbed him in the torso several times until the victim collapsed

> under a tree, severely injured. Vidal fled the scene and stayed away from his job and his apartment until he surrendered to police two weeks later.

(Exhibit L, Mem. Dec. at 2.) (Exhibits to the Answer, #18, are referenced herein as "Exhibit __.")

## B. PROCEEDINGS AT TRIAL

On July 3, 2003, the Maricopa County, Arizona Grand Jury indicted Petitioner on one count of aggravated assault. (Exhibit A, Indictment.) The State filed an allegation that the offense as a "dangerous felony." (Exhibit A, Allegations.) Petitioner proceeded to trial. The Arizona Court of Appeals summarize his defense as follows:

> Vidal testified at trial that the victim chased him wielding what looked like a samurai sword before catching up to him. Vidal threw the victim to the ground and wrestled with him. When an unidentified third person with a knife approached and attempted to stab Vidal, Vidal used the victim as a shield. Vidal denied that he had a knife, stabbed the victim, or caused the victim's injuries. Vidal testified that he did not know how the victim got cut. Vidal speculated, however, as follows:
>
> > 1 didn't see him get cut on the face. Now, when 1 flipped him over, the sword hit the ground and he hit the ground on top of the sword. He might have cut his face with the sword. But the stab wounds weren't from the sword. That's from the man coming to attack me. The guy coming to attack me, 1 mean. 1 used him as my shield.

(Exhibit L, Mem. Dec. at 5.) Petitioner requested a self-defense instruction. "The trial court refused the instruction, reasoning that Vidal's testimony, at most, supported a claim that "the victim accidentally rolled on to the knife when it was underneath him, and that's a mere accident, and he didn't do that in self defense." (*Id.* at 6.)

Petitioner was found guilty and was sentenced to a presumptive term of seven and one-half years. (Exhibit L, Mem. Dec. at 2.)

## C. PROCEEDINGS ON DIRECT APPEAL

Petitioner filed a direct appeal, arguing that the trial court had abused its discretion by: (1) denying Petitioner's request to represent himself; and (2) refusing to give a self-

- 2 -

defense instruction. (Exhibit J, Opening Brief.) With regard to the latter, Petitioner made no assertion that the denial of the self-defense instruction had resulted in a federal constitutional violation, and cited no federal authorities. (*Id.* at 14-17.) The Arizona Court of Appeals rejected both claims, and affirmed Petitioner's conviction and sentence. (*Id.* at 8.)

Petitioner filed a Petition for Review (Exhibit M) by the Arizona Supreme Court, asserting only his claim that the trial court had erred by refusing the self-defense instruction. He then filed a Notice of Supplemental Authority (Exhibit N), citing a recent Arizona Case. Again, Petitioner did not assert any constitutional violations, nor did he cite any federal authorities. The Arizona Supreme Court summarily denied review on August 8, 2006. (Exhibit P.)

### D. PROCEEDINGS ON POST-CONVICTION RELIEF

On August 15, 2006, Petitioner filed a "Petition for Post-Conviction Relief." (Exhibit Q.) The trial court treated this a "Notice of Post-Conviction Relief", and appointed Petitioner counsel. (Exhibit R, M.E. 8/18/06.) Counsel eventually filed a Notice of Completion of Review asserting an inability to obtain issues for review. (Exhibit S.) Petitioner was given leave to file a pro per PCR petition. (Exhibit T, M.E. 11/22/6.)

On January 4, 2007, Petitioner filed his Pro Per Petition for Post-Conviction Relief (Exhibit U), which included a narrative of events and objections in Spanish. A translation was prepared (Exhibit V). The State summarized the narrative as asserting a claim of innocence. (Exhibit W.) The trial court construed it as asserting a claim of ineffective of assistance of counsel, and denied the Petition as being without merit. (Exhibit X, M.E. 8/3/7.) Nothing in the Petitioner challenged the jury instructions given.

Petitioner did not file a timely petition for review, but instead, on November 9, 2007, filed with the trial court a request for leave to file a delayed petition (Exhibit Y). No ruling was made by the trial court, so on January 15, 2008, Petitioner filed a Motion to Rule (Exhibit Z). The motions were denied on the basis that the Court of Appeals had jurisdiction

over such requests. (Exhibit AA, M.E. 1/29/08.)

On February 21, 2008, Petitioner prepared a second request to file a late petition. (Exhibit BB.) Although this motion was captioned to be filed with the Arizona Court of Appeals, it was instead filed with the trial court. (Exhibit CC, Trial Court Docket.) Petitioner never appealed his post-conviction proceeding to the Arizona Court of Appeals or Arizona Supreme Court. (2nd Amend. Pet., #10 at 5.)

### E. PRESENT FEDERAL HABEAS PROCEEDINGS

Petitioner commenced the present federal proceedings by filing his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (#1) on August 4, 2008. That Petition and a subsequent first Amended Petition (#8) were dismissed with leave to Amend. (Order 8/21/08, #1; Order 9/26/08, #9.) On October 8, 2008, Petitioner filed the instant Second Amended Petition (#10).

Petitioner asserts a single ground for relief, based on the denial of the self-defense instruction.

Respondents filed their Answer (#18) on January 7, 2009, arguing that Petitioner's claim is unexhausted, and procedurally defaulted. Respondents also argue that the claim is beyond this Court's jurisdiction because it asserts an error of state law.

Petitioner filed his Reply (#19) on January 21, 2009, arguing that he presented the operative facts of his claim to the state courts, and that his claim arises under federal law and he has shown that the denial of the self-defense jury instruction was in error.

### III. APPLICATION OF LAW TO FACTS

### A. NATURE OF CLAIM

Respondents argue that Petitioner's claim is founded on state law, and is thus beyond this Court's jurisdiction. Indeed, federal habeas relief is not available for errors of state law. *Estelle v. McGuire,* 502 U.S. 62 (1991).

Here, however, Petitioner stakes his claim on a federal right. He asserts the violation

of a "Sixth and Fourteenth Amendment right to a fair trial" as a result of the refusal of self-defense instruction. (Memorandum, #11 at 2.) Thus, liberally construed, *Zichko v. Idaho,* 247 F.3d 1015 (9th Cir. 2001), his Petition asserts a violation of the federal constitution.[1]

## B. EXHAUSTION AND PROCEDURAL DEFAULT

Respondents argue that Petitioner's claim is unexhausted, now procedurally defaulted, and thus barred from habeas review.

### 1. Exhaustion Requirement

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c). When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982).

#### a. Proper Forum/Proceeding

Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989). "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of

---

[1] That is not to say that the claim has merit. *See e.g. Bashor v. Risley*, 730 F.2d 1228 (9th Cir. 1984) (discussing whether failure to give lesser included offense instruction amounts to constitutional violation cognizable on habeas).

- 5 -

Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999)).

Respondents argue (Answer, #18 at 10) that presentation to the Arizona Supreme Court (not just the Arizona Court of Appeals) is required for exhaustion, citing *Baldwin v. v. Reese,* 541 U.S. 27, 30–33 (1999). The Ninth Circuit's subsequent reliance on *Swoopes* in *Castillo*, notwithstanding *Baldwin*, dispels this argument. Moreover, nothing in *Baldwin* precludes the reasoning in *Swoopes*. Nor does the language cited by Respondents from *State v. Ikirt*, 160 Ariz. 113, 117, 770 P.2d 1159, 1163 (1989), which predated the Arizona Supreme Court's decision in *State v. Sandon*, 161 Ariz. 157, 777 P.2d 220 (Ariz.1989), on which *Swoopes* is based.

### b. Fair Presentment

To result in exhaustion, claims must not only be presented in the proper forum, but must be "fairly presented." That is, the petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim. 28 U.S.C. § 2254; *Picard v. Connor,* 404 U.S. 270, 276-277 (1971). A claim has been fairly presented to the state's highest court if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (overruled on other grounds, *Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007)).

### c. Application to Petitioner's Claims

It is clear that Petitioner presented the facts of his instructional error claim in his Opening Brief to the Arizona Court of Appeals (Exhibit J) and in his Petition for Review to the Arizona Supreme Court (Exhibit M). However, as discussed above, presentation of the operative facts is not sufficient. Rather, Petitioner must also have asserted the federal legal theory on which the claim is based.

While the petitioner need not recite "book and verse on the federal constitution," *Picard v. Connor*, 404 U.S. 270, 277-78 (1971) (quoting *Daugherty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)), it is not enough that all the facts necessary to support the federal

claim were before the state courts or that a "somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(per curiam).

Petitioner correctly notes that both the federal and state courts are tasked with enforcement of the federal constitution. *See Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003). Thus, "a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue. *Id.*

Here, however, none of the state cases cited by Petitioner on appeal were based upon a federal constitutional principle mandating jury instructions.

In *State v. Gilfallin*, 196 Ariz. 396, 998 P.2d 1069 (App. 2000), the court did consider a federal Due Process challenge to the exclusion of evidence. *Id.* at 402, 998 P.2d at 1075. However, the discussion on the failure to provide a self-defense instruction contained no discussion of federal law. *Id.* at 406-407, 998 P.2d at 1079-1080.

It is true that the *Gilfallin* opinion cited *State v. Dumaine*, 162 Ariz. 392, 404, 783 P.2d 1184, 1196 (1989), which in turn discussed *Mathews v. United States*, 485 U.S. 58 (1988) (right to instruction on inconsistent defense, *i.e.* entrapment). Petitioner now relies upon that case to argue that he was denied his constitutional rights. (Reply, #19 at 4.) However, *Matthews* dealt with the procedures required in a federal prosecution. "The Court properly recognize[d] that its result is not compelled by the Constitution." 485 U.S. at 69 (White, J., dissenting). Thus a reference to *Matthews* would not raise a constitutional claim.

Moreover, such an extended search for federal authority does not result in exhaustion. "[P]etitioner's daisy chain—which depends upon a case that was cited by one of the cases that was cited by one of the cases that petitioner cited—is too lengthy to meet this Court's standards for proper presentation of a federal claim." *Howell v. Mississippi*, 543 U.S. 440, 443-444 (2005)

One of Petitioner's cited cases addressed federal authorities, but only in connection with unrelated issues. *See State v. Wall*, 212 Ariz. 1, 126 P.3d 148 (2006) (lesser included offense instructions);

The balance of Petitioner's cited cases addressed only state law on the issue of

required instructions. *See State v. Miller,* 129 Ariz. 42, 43, 628 P.2d 590,591 (App. 1981); *State v. Dixon,* 15 Ariz. App. 62, 64, 485 P.2d 1179, 1181 (1971); *State v. Plew,* 150 Ariz. 75, 77, 722 P.2d 243, 245 (1986); *State v. Rodriguez,* 192 Ariz. 58, 961 P.2d 1006 (1998); *State v. Williams*, 132 Ariz. 153, 156, 644 P.2d 889, 892 (1982); and *State v. Booker,* 1 CA-CR 04-0530 (Ariz. App. May 18, 2006) (unpublished mem. decision)[2].

Finally, the undersigned finds it significant that no reference to any federal theory is included in Petitioner's appeals, and that Petitioner was represented by counsel throughout. "[F]or purposes of exhaustion, counseled petitions in state court may, and sometimes should, be read differently from pro se petitions." *Peterson v. Lampert,* 319 F.3d 1153, 1159 (9th Cir. 2003).

Accordingly, the undersigned finds that Petitioner never presented his current federal claim to the state courts. Therefore, the undersigned concludes that Petitioner's claim was never properly exhausted.

**2. Procedural Default**

Ordinarily, unexhausted claims are dismissed *without prejudice*. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief. Dismissal *with prejudice* of a procedurally barred or procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts. Respondents rely upon Arizona's preclusion bar, set out in Ariz. R. Crim.

---

[2] This unpublished decision is attached to Exhibit N (Notice of Supplemental Authority). A separate, published decision addressed only exclusionary rule issues. *See State v. Booker,* 212 Ariz. 502, 135 P.3d 57 (Ariz. App. 2006).

Proc. 32.2(a), and its timeliness bar in Ariz. R. Crim. P. 32.4. (Answer, #18 at 13-14.) Because of the limited development of Arizona law on the exception to the preclusion bar for claims of "sufficient constitutional magnitude," *see Stewart v. Smith,* 536 U.S. 856 (2002),[3] and the applicability of clear timeliness bars, the undersigned does not reach Respondents' argument on the applicability of the preclusion bar.

**<u>Remedies by Direct Appeal</u>** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. The Arizona Rules of Criminal Procedure do not provide for a successive direct appeal. *See generally* Ariz.R.Crim.P. 31. Accordingly, direct appeal is no longer available for Petitioner's unexhausted claims.

**<u>Remedies by Post-Conviction Relief</u>** - Petitioner can no longer seek review by a subsequent PCR Petition. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule). That time has long since passed.

While Rule 32.4(a) does not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h), Petitioner has not asserted that any of these exceptions are applicable to his equal protection claim. Nor does it appears that such exceptions in Rule 32.1 would apply to this claim. The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:

---

[3] *See e.g. State v. Curtis*, 185 Ariz. 112, 912 P.2d 1341 (App.1995) (adequacy of alibi instruction not a claim of "sufficient constitutional magnitude") (disapproved on other grounds by *Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (2002)).

> (1) The newly discovered material facts were discovered after the trial.
> (2) The defendant exercised due diligence in securing the newly discovered material facts.
> (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
> f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
> g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
> h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence. Where a claim is based on "newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application. Paragraph (f) has no application where the petitioner filed a timely notice of appeal. Paragraph (g) has no application because Petitioner has not asserted a change in the law. Finally, paragraph (h), concerning claims of actual innocence, has no application to Petitioner's procedural claims. *See State v. Swoopes*, 216 Ariz. 390, 404, 166 P.3d 945, 959 (App. 2007) (32.1(h) did not apply where petitioner had " not established that trial error ...amounts to a claim of actual innocence").

Accordingly, the undersigned must conclude that review through Arizona's post-conviction relief process is no longer possible for Petitioner's unexhausted claims.

**<u>Summary re Procedural Default</u>** - Petitioner has failed to exhaust his claims in the Petition, and is now procedurally barred from doing so. Accordingly, the claim is procedurally defaulted, and absent a showing of cause and prejudice or actual innocence, must be dismissed with prejudice.

**3. Miscarriage of Justice**

If the habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Moreover, the standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances. *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added). However, it is not sufficient that the petitioner point to some legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'actual innocence' means factual innocence, not mere legal insufficiency"). Rather, a petitioner asserting his actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" presented in his habeas petition. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Petitioner makes no argument of having cause and prejudice to excuse any procedural default, nor does he proffers any showing of actual innocence.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Second Amended Petition for Writ of Habeas Corpus, filed October 8, 2008 (#10) be **DISMISSED WITH PREJUDICE.**

### V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: August 7, 2009

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\08-1433-010r RR 09 07 17 re HC.wpd